# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA WELLS, *Trustee of the Sandra Wells Trust*,<br><br>Plaintiff,<br><br>v.<br><br>COREY CASTLE PARKS, *et al.*,<br><br>Defendants. | Case No. SA CV 17-0928 JLS (JCGx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

The Court will summarily remand this unlawful detainer action to state court because Defendants removed it improperly.

On May 30, 2017, Corey Castle Parks and Rob Parks ("Defendants"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice"), and Defendants have also presented requests to proceed *in forma pauperis* ("Requests"). [Dkt. Nos. 1, 3, 4.] The Court has denied Defendants' Requests under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

1

Simply stated, Plaintiff could not have brought this action in federal court in the first place, and so removal is improper. Notably, even if complete diversity of citizenship exists, Defendants cannot properly remove the action because Defendants reside in the forum state. (*See* Notice at 1); *see also* 28 U.S.C. § 1441(b)(2).

Nor does Plaintiff's unlawful detainer proceeding raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441. Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff's underlying complaint asserts a cause of action for unlawful detainer. [*See* Dkt. No. 1 at 5-8.] "Unlawful detainer is an exclusively state law claim that does not require the resolution of any substantial question of federal law." *Martingale Invs., LLC v. Frausto*, 2013 WL 5676237, at *2 (C.D. Cal. Oct. 17, 2013). In the Notice, Defendants assert, in conclusory fashion, that a "[f]ederal question exists because Defendant's Demurrer . . . depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." [Dkt. No. 1 at 2.] However, neither a federal-law counterclaim nor a federal-law defense may serve as a basis for federal question jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that federal-question jurisdiction "cannot be predicated on an actual or anticipated defense" nor on "an actual or anticipated counterclaim").

//

//

//

//

| | |
|---|---|
| 1 | Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, County of Orange, Central Justice Center, 700 Civic Center Drive West, Santa Ana, CA 92701, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties. |

DATED: June 02, 2017

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE